UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NATURAL RESOURCES DEFENSE )
COUNCIL, INC., et al., )
 )
      Plaintiffs )
 ) No. 3:08-0229
v. ) Judge Campbell/Bryant
 )
COUNTY OF DICKSON, TENNESSEE, )
et al., )
 )
      Defendants )

## MEMORANDUM AND ORDER

Plaintiff Natural Resources Defense Council, Inc. ("NRDC") has filed its "Motion to Enforce Order for Production of Documents Withheld by Third-Party Contemnor Interstate Packaging" (Docket Entry No. 139). This motion seeks "an order enforcing this Court's prior March 27, 2009, Order requiring third-party Interstate Packaging Company ("Interstate") to provide access to approximately 1,000 boxes of documents.

Interstate has filed its response in opposition to NRDC's motion (Docket Entry No. 143), and NRDC filed a reply (Docket Entry No. 144-1). Interstate thereafter filed its affidavit of Regina L. Petty (Docket Entry No. 148), the affidavit of Michael D. Doochin (Docket Entry No. 152), a further memorandum entitled "Response [] In Opposition to [NRDC's] Motion for Leave to File Reply Brief" (Docket Entry No. 145), and a motion for oral argument on NRDC's underlying motion (Docket Entry No. 146).

NRDC has countered by filing its motion to strike the affidavit of Petty and Doochin and Interstate's response identified

as Docket Entry No. 145 (Docket Entry No. 155) and a supporting memorandum (Docket Entry No. 156), to which Interstate has filed its response in opposition (Docket Entry No. 157).

For the reasons stated below, the undersigned Magistrate Judge finds:

1. That NRDC's Motion to Enforce Order for Production should be **GRANTED**, as stated below;

2. That Interstate's motion for oral argument should be **DENIED**; and

3. That NRDC's motion to strike should be **DENIED**.

## Background

The discovery dispute that has generated the barrage of filings referenced above began in February 2009, when Plaintiff NRDC served subpoenas for production of documents on nonparty Interstate. In general, these subpoenas sought records indicating the extent and duration of any use by Interstate of trichloroethylene ("TCE") or perchloroethylene ("PCE"), and whether Interstate had disposed of TCE or PCE in the Dickson County Landfill. Certain records filed by Interstate with state agencies in the 1980s suggest that the company did use, or had used, TCE and/or PCE at times (Docket Entry No. 139-3).

Following service of these document subpoenas, counsel for Interstate informed NRDC's counsel that Interstate possessed approximately 1,000 boxes of business records that might include responsive documents. Apparently because of the burden of

2

examining approximately 1,000 boxes of documents to identify and extract those that were responsive to NRDC's subpoenas, counsel for Interstate agreed that the company would permit NRDC to inspect the 1,000 boxes of documents in order to obtain copies of responsive documents (Docket Entry No. 120). This agreement was evidenced by an agreed order filed by counsel for Interstate (Docket Entry No. 120) and entered by the Court on March 27, 2009 (Docket Entry No. 121).

It appears that, following entry of this agreed order, Interstate had second thoughts about its agreement to allow NRDC to perform this inspection, and decided to inspect the documents with its own personnel. It further appears that Regina L. Petty, Comptroller and Secretary of Interstate, devoted significant time over the course of several weeks reviewing the subject boxes of documents, and that as a result of her review, approximately 2,500 pages of documents thought to be responsive to the subpoenas have been copied and produced to NRDC (Docket Entry No. 198). It further appears that included among the documents in the approximately 1,000 boxes are records containing employee health information, personnel files, and other information of a proprietary or confidential nature (*Id.*).

Following entry of the agreed order on March 27, 2009, Interstate has declined requests to allow NRDC to conduct its own inspection of the subject boxes of documents. Communications between counsel for NRDC and Interstate have failed to resolve the

3

impasse (Docket Entry No. 134-5), and NRDC filed its motion to enforce the agreed order entered on March 27, 2009 (Docket Entry No. 121).

## Arguments

NRDC argues that the Court has ordered Interstate to allow NRDC to inspect and copy the subject boxes of documents, and that the Court's order should be enforced.

Interstate opposes this motion on several grounds:

1. It has already performed a thorough inspection of the subject records and has copied and produced those that are responsive in compliance with its duty to respond to NRDC's subpoenas;

2. The economic burden and personnel requirements imposed on Interstate to allow NRDC to conduct its own inspection of the subject documents are unreasonable and unnecessary;

3. The records at issue include employee health records, workers' compensation records, trade secrets and other proprietary, confidential information that would injure Interstate's competitive position if released; and

4. NRDC failed to meet and confer with counsel for Interstate before filing its motion (Docket Entry Nos. 143, 145, 146 and 157).

4

Significantly, in its most recent filing, Interstate stated "Interstate is and has always been willing to permit NRDC to conduct a review of the Interstate records, <u>provided that</u> NRDC enters into a protective order that adequately protects Interstate's business records." (Docket Entry No. 157, p. 3). Interstate identifies among those records deserving protection "confidential and proprietary information, workers' compensation files, personnel files, and personally identifiable health information." (*Id.*)

## Analysis

The undersigned Magistrate Judge finds that Interstate apparently misapprehends the nature of NRDC's motion. In contrast to a motion under Rule 37 to compel Interstate to respond to NRDC's <u>subpoenas</u>, NRDC seeks to enforce the <u>order of the Court</u> requiring Interstate to permit NRDC to inspect and copy the approximately 1,000 boxes of documents. Any disagreement about who would inspect these boxes of documents has already been decided by court order, agreed to when filed by Interstate. As the familiar colloquialism goes, "that horse is already out of the barn." The fact that Interstate belatedly decided unilaterally to conduct its own inspection as an alternative way to respond to NRDC's subpoenas does not magically relieve Interstate of its obligation to comply with an order of the Court.

Accordingly, the undersigned Magistrate Judge finds as follows:

5

1. NRDC's motion to enforce order for production of documents is hereby **GRANTED**. Interstate shall make the subject boxes of documents available to inspection by NRDC upon two weeks' written notice, and in any event by September 14, 2009;

2. Counsel for the parties shall confer and attempt to agree upon the terms of an appropriate protective order to be applied to copies of any Interstate documents deserving protection. If the parties are unable to agree on the terms of a protective order, the parties may, by motion, file their competing versions. However, any dispute over the provisions of a protective order shall not delay Interstate's obligation to produce the documents for inspection.

3. Interstate's motion for oral argument (Docket Entry No. 146) is **DENIED** on the ground that oral argument would not benefit the Court, given the multitude and volume of filings by these parties; and

4. NRDC's motion to strike (Docket Entry No. 155) is **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

6

Case 3:08-cv-00229   Document 166   Filed 08/13/09   Page 6 of 6 PageID #: 3951