# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

NATURAL RESOURCES DEFENSE )
COUNCIL, INC., BEATRICE HOLT, and )
SHEILA HOLT-ORSTED, )
                                      )
        Plaintiffs, )       No.: 3:08-00229
                                      )
v. )       Judge Campbell
                                      )       Magistrate Judge John S. Bryant
COUNTY OF DICKSON, TENNESSEE, )
and CITY OF DICKSON, TENNESSEE, )
                                      )
        Defendants. )

---

## ANSWER OF DEFENDANT CITY OF DICKSON
## TO FIRST AMENDED COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

---

Defendant City of Dickson, Tennessee ("City") responds to the first amended complaint for declaratory and injunctive relief as follows:

1.     The first sentence of paragraph 1 does not set forth factual allegations but states the basis for the plaintiffs' first amended complaint; therefore, no response is required. To the extent that sentence 1 alleges that there is an imminent and substantial endangerment to human health and/or the environment posed by trichloroethylene ("TCE") and/or perchloroethylene ("PCE") allegedly disposed at the Dickson County Landfill, such allegations are denied. The City admits the allegations contained within sentence 2 of paragraph 1. The City denies the allegations contained within sentence 3 of paragraph 1 except that the City avers that solid waste has been disposed at the Landfill. The City denies the allegations contained within sentence 4 of paragraph 1.

2.     The City denies the allegations contained within sentences 1 and 7 of paragraph 2. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 2, 3, 4, 5, and 6 of paragraph 2.

3.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 3.

4.     The City avers that a portion of the property upon which the Dickson County Landfill ("Landfill") is located is owned by the City and a portion is owned by the County of Dickson, Tennessee ("County"). On or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. Since no later than September 1, 1972, the City has had no responsibility for the operation or management of the Landfill. The remaining allegations contained within paragraph 4 are denied.

5.     The first sentence of paragraph 5 contains no factual allegations; therefore, no response is required. The City avers that a portion of the property upon which the Landfill is located is owned by the City and a portion is owned by the County. On or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. Since no later than September 1, 1972, the City has had no responsibility for the operation or management of the Landfill. The City does not have knowledge or information sufficient to admit or

2

deny the allegations contained within sentence 3 of paragraph 5 except to admit upon information and belief that ALP Lighting Components, Nemak, and Interstate Packaging operate in Dickson County. The remaining allegations contained within paragraph 5 are denied.

6.      Upon information and belief, the City avers that Beatrice Holt lives on property near the Landfill. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within sentence 1 and the allegations contained within sentence 2 of paragraph 6. Upon information and belief, the City admits that the Natural Resources Defense Council, Inc. ("NRDC") is a non-profit organization; however, the City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within sentence 3 of paragraph 6. Sentence 4 of paragraph 6 contains no factual allegations; therefore, no response is required. However, the City denies that plaintiffs are entitled to any relief that they are seeking. The City further denies any remaining factual allegations contained within paragraph 6.

7.      The City denies that this Court has subject matter jurisdiction over the claims asserted in the first amended complaint.

8.      The City avers that it received a letter dated June 26, 2007 from the NRDC. The City denies that a copy of this letter was attached as an Exhibit to the first amended complaint. The City admits that on November 12, 2009, the NRDC subsequently filed a copy of this letter with a Notice of Filing of Exhibits to First Amended Complaint (Doc. 205). The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 8.

9.     The City avers that it received a letter dated April 3, 2009 from the NRDC. The City denies that a copy of this letter was attached as an Exhibit to the first amended complaint.   The City admits that on November 12, 2009, the NRDC subsequently filed a copy of this letter with a Notice of Filing of Exhibits to First Amended Complaint (Doc. 205).   The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 9.

10.     The factual allegations in paragraph 10 are not directed to the City; thus, no response is required by the City.  To the extent that a response is required, the City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 10.

11.     The factual allegations in paragraph 11 are not directed to the City; thus, no response is required by the City.  To the extent that a response is required, the City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 11.

12.     The City admits that venue is proper in this judicial district, assuming that this Court has subject matter jurisdiction.

13.     The City admits the allegations contained within sentence 1 of paragraph 13. The City denies the allegations contained in sentence 2 of paragraph 13.  The City admits the existence of an agreement dated August 25, 1972 between the City and the County, but denies that the City jointly operated the Landfill with the County after September 1, 1972.  Rather, since no later than September 1, 1972, the City has had no responsibility for the operation or management of the Landfill.  The City admits sentence 4 contained within paragraph 13 to the extent that the City currently pays for disposal of

4

leachate from the County's leachate collection system at the Landfill to the Water Authority of Dickson County's wastewater treatment system. All remaining allegations contained within paragraph 13 are denied.

14. The City admits the allegations contained within sentence 1 of paragraph 14. The City admits the allegations contained within sentence 2 of paragraph 14 to the extent that the County has solely operated the Landfill since no later than September 1, 1972.

15. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 15 except to admit that ALP Lighting Components has a facility on Gum Branch Road in Dickson County.

16. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 16 except to admit that there is a facility named Interstate Packaging Company located in White Bluff, Tennessee.

17. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 17 except to admit that there is a facility named Nemak (formerly known as Teksid) located on Old Columbia Road in Dickson County.

18. Upon information and belief, the City avers that Beatrice Holt resides on property that is located across a road toward the southeast of the Landfill. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 18.

19. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 19.

20.     The City denies the allegations contained within sentence 1 of paragraph 20. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 2, 3, and 4 of paragraph 20.

21.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 21.

22.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 1, 2, 3, 4, and 5 of paragraph 22. However, the City denies that any health problems experienced by Beatrice Holt, Shelia Holt-Orsted, Harry Holt, Sheila Holt-Orsted's daughter, Beatrice Holt's children and grandchildren, and other members of their immediate and extended families as alleged within paragraph 22 are related to long-term exposure to contamination from the Landfill. The City denies the allegations contained within sentence 6 of paragraph 22.

23.     Upon information and belief, the City admits that the NRDC is a non-profit organization. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 23.

24.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 1, 2, 3, and 4 of paragraph 24. The City denies the allegations contained within sentence 5 of paragraph 24.

25.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 25.

26.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 1 of paragraph 26. The City does not have knowledge or information sufficient to admit or deny the allegations contained within

6

sentence 2 of paragraph 26 except to admit that TCE has been used as an industrial solvent and degreaser for metal parts. The City admits the allegations contained within sentence 3 of paragraph 26.

27.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 27.

28.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 1 of paragraph 28. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 28 except to admit that PCE has been used in the dry cleaning industry and as a degreaser for metal parts. The City admits the allegations contained within sentence 3 of paragraph 28.

29.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 29.

30.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 30.

31.     The City avers that Dickson County consists of karst geology. However, the City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 31.

32.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 32.

33.     The City avers that TCE and PCE are volatile organic compounds and volatize when exposed to air. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 33.

7

34.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 34.

35.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 35.

36.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 36.

37.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 37.

38.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 38.

39.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 39.

40.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 40.

41.     To the extent paragraph 41 states legal conclusions, no response is required. The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 41.

42.     To the extent paragraph 42 states legal conclusions, no response is required. The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 42.

43.     To the extent paragraph 43 states legal conclusions, no response is required. The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 43.

8

44.     To the extent paragraph 44 states legal conclusions, no response is required.  The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 44.

45.     To the extent paragraph 45 states legal conclusions, no response is required.  The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 45.

46.     To the extent paragraph 46 states legal conclusions, no response is required.  The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 46.

47.     To the extent paragraph 47 states legal conclusions, no response is required.  The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 47.

48.     To the extent paragraph 48 states legal conclusions, no response is required.  The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 48.

49.     To the extent paragraph 49 states legal conclusions, no response is required.  The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 49.

50.     The City admits the allegations contained with sentence 1 of paragraph 50. The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the

Landfill. The City further avers that, upon information and belief, the County has expanded the Landfill at certain times, of which the exact years are unknown to the City. The City denies any remaining allegations contained within paragraph 50.

51.     The City admits that solid waste has been disposed of at the Landfill and denies the remaining allegations contained within paragraph 51.

52.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 52.

53.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 53.

54.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 54.

55.     The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 55.

56.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 56.

57.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 57.

58.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 58.

10

59.     The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 59.

60.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 60.

61.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 61.

62.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 62.

63.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 63.

64.     The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 64.

65.     The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the

11

County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 65.

66. The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 66.

67. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 67.

68. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 68.

69. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 69.

70. The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 70.

71. The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations

governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 71.

72.     Upon information and belief, the City avers that Nemak's facility is the facility formerly operated by Teksid. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 72.

73.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 73.

74.     The City avers that, on or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 74.

75.     On or about September 1, 1972, the State of Tennessee issued a permit to the County to operate the Landfill in accordance with the regulations governing solid waste processing and disposal in Tennessee, and since that time, the County has had sole responsibility for the operation, maintenance, and regulatory compliance for the Landfill. Therefore, the City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 75.

76.    The City denies the allegations contained within sentences 1 and 3 of paragraph 76. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 76.

77.    Upon information and belief, the City avers that the Dickson County Landfill has been constructed in accordance with the laws and regulations in effect during the relevant time periods of commencement and expansion of the Landfill; therefore, certain portions of the Landfill are unlined. The City denies the remaining allegations contained within sentence 1 of paragraph 77 and the allegations contained within sentence 6 of paragraph 77. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 77. The City avers that, upon information and belief, the Tennessee Department of Environment and Conservation required the County of Dickson to install a leachate collection system at the Landfill; however, the City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within sentences 3, 4, or 5 of paragraph 77.

78.    The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 78.

79.    The County, as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The City does not have

14

knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 79.

80.     The City denies the allegations contained within the first and last sentences of paragraph 80.  The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 80 except to deny that any contamination is from the Landfill.

81.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 81 except to deny that any contamination is from the Landfill.

82.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 82.

83.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 1 of paragraph 83.

        a.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.a.

        b.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.b.

        c.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.c.

        d.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.d.

        e.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.e.

f.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.f.

g.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 83.g.

84.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 84.

85.  Upon information and belief, the City admits the allegations contained with sentences 1 and 2 of paragraph 85.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 3 and 4 of paragraph 85.

86.  The City does not have knowledge or information sufficient to admit or deny the allegations, especially regarding the direction of the flow of the surface water, contained within paragraph 86.

87.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 87.

88.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 88.

89.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 1 and 2 of paragraph 89 except to deny that any contamination is from the Landfill.

a.  The City avers that, upon information and belief, Sullivan Spring is approximately one-third of a mile to the northwest of the Landfill and flows into Worley Furnace Branch Creek.  The City does not have

16

knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 89.a.

b. The City avers that, upon information and belief, Bruce Spring is approximately two to two and one half miles to the southwest of the Landfill and drains to the West Piney River. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 89.b.

c. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 89.c.

d. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 89.d.

e. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 89.e.

f. The City denies the allegations contained within sentence one of paragraph 89.f. except the City admits upon information and belief that DK-21 is located approximately one-third of a mile east-northeast of the Landfill. As to sentence 2 of paragraph 89.f., upon information and belief, the City avers that a sample of DK-21 taken in February 1997 detected TCE below the MCL established under the federal Safe Drinking Water Act. A resample of DK-21 taken on or about April 8, 1997 detected TCE below the MCL, and a sample of DK-21 taken on or about April 21, 1997 detected TCE above the MCL. Upon information and belief, all subsequent samples of DK-21 detected no

17

TCE. All remaining allegations contained within paragraph 89.f. are denied

g. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 89.g except to deny that any contamination is from the Landfill.

90. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 90.

91. Upon the formation of the Water Authority of Dickson County in 2001, the City transferred all assets and liabilities and documents maintained by the City Water Department to the Water Authority of Dickson County, and the City Water Department ceased to exist. The public water system and the wastewater treatment system are owned and operated by the Water Authority of Dickson County, which is a separate legal entity from the City. Thus, the City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 91.

92. The City avers that TDEC issued a five-page letter dated May 23, 2003 to the County that contains the partially quoted language contained within paragraph 92 which has been taken out of context. Any remaining factual allegations contained within paragraph 92 are denied.

93. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 93.

94. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 94.

18

95.     The City avers that the Dickson County Commission adopted "The Rules and Regulations of Water Wells and Use of Springs in Dickson County, Tennessee" on January 16, 2007, which contains a map of the area for which the regulations are applicable. The City does not have knowledge or information sufficient to admit or deny any remaining allegations contained within paragraph 95.

96.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 96.

97.     The City denies the allegations contained within paragraph 97. Further, the County, as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee.

98.     The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 1 and 2 of paragraph 98 except to deny that any contamination is from the Landfill.

      a.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 98.a.

      b.   The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 98.b.

c. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 98.c.

99. The City denies the allegations contained within paragraph 99.

100. City denies the allegations contained within paragraph 100.

101. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 101.

102. Regarding the allegations contained within sentence 1 of paragraph 102, although the City does not have any responsibility for provision of the public water supply, does not own and operate the public water supply lines, and is not involved with collecting connection or monthly service fees, the City admits generally that County residents must pay such fees for public water supply. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentences 2, 3, 4, and 5 of paragraph 102 except the City denies that any contamination of TCE, PCE, and/or their degradation products is from the Landfill. As to sentence 6 of paragraph 102, the City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The City denies the remaining allegations contained within sentence 6 of paragraph 102.

103. The City denies the allegations contained within paragraph 103.

20

104. The City admits the allegations contained within sentence 1 of paragraph 104 to the extent that, in the past, DK-21 was used as a supplemental source of water during certain periods of the year for the public water system. DK-21 is no longer used as a drinking water source. The City admits upon information and belief that DK-21 is located approximately one-third of a mile east-northeast of the Landfill. The remaining allegations contained within paragraph 104 are denied.

105. The City avers that the Water Authority of Dickson County is a public governmental body created by private act that serves water customers in Dickson, Hickman, Cheatham, Humphreys, and Williamson Counties and wastewater customers in Dickson County, Hickman, and Williamson Counties. The City is without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 105.

106. Upon information and belief, the City admits that the Water Authority of Dickson County presently uses water from the Piney River, Cumberland River, and Turnbull Creek. The City is without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 106.

107. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 107 except to deny that any contamination is from the Landfill.

108. The City denies the allegations contained within paragraph 108.

109. Upon information and belief, the City avers that the Water Authority of Dickson County complies with all state and federal statutes, rules, and regulations governing the sampling, testing, and operation of a public water system. The City does

21

not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 109.

110. Upon information and belief, the City avers that the Water Authority of Dickson County complies with all state and federal statutes, rules, and regulations governing the sampling, testing, and operation of a public water system. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 110.

111. Upon information and belief, the City avers that the Water Authority of Dickson County, as well as the City Water Department when it was in existence, complies with all state and federal statutes, rules, and regulations governing the sampling, testing, and operation of a public water system. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 111.

112. To the extent that paragraph 112 states legal conclusions, no response is required. The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 112.

113. To the extent that paragraph 113 states legal conclusions, no response is required. The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 113 except the City avers upon information and belief that the Piney River is used for recreational fishing.

114. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 114.

22

115. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 115.

116. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 116.

117. To the extent that paragraph 117 states legal conclusions, no response is required. The City does not have knowledge or information sufficient to admit or deny any factual allegations contained within paragraph 117.

118. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 1 of paragraph 118. The City denies the allegations contained within sentence 2 of paragraph 118.

119. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The City denies the remaining allegations contained within paragraph 119.

120. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a

23

permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. Thus, the City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 120 except to deny that any contamination from TCE, PCE, and/or their degradation products is from the Landfill.

121. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. Thus, the City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 121 except to deny that any contamination from TCE, PCE, and/or their degradation products is from the Landfill.

122. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The City denies the allegations contained within paragraph 122.

24

123.    The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC.    The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee.    Thus, the City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 123 except to deny that any contamination is from the Landfill.

124.    The statements contained within paragraph 124 provide legal background regarding RCRA and do not contain factual allegations that require a response from this defendant.

125.    The statements contained within paragraph 125 provide legal background regarding RCRA and its amendments and do not contain factual allegations that require a response from this defendant.

126.    Paragraph 126 states legal conclusions; therefore, no response is required.

127.    The City denies the allegations contained within paragraph 127.

128.    Upon information and belief, the City admits the allegations contained within paragraph 128.

129.    Upon information and belief, the City admits the allegations contained within paragraph 129.

25

130.    Upon information and belief, the City admits the allegations contained within paragraph 130.

131.    Upon information and belief, the City admits the allegations contained within paragraph 131.

132.    The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 132.

133.    The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 133.

134.    Upon information and belief, the City admits the allegations contained within paragraph 134.

135.    Upon information and belief, the City admits the allegations contained within paragraph 135.

136.    Upon information and belief, the City admits the allegations contained within paragraph 136.

137.    The City denies the allegations contained within paragraph 137.

138.    The City denies the allegations contained within paragraph 138. The State is diligently proceeding (and has caused the County to proceed) with the functional equivalent of a remedial action under CERCLA.

139.    The City avers that the Tennessee Department of Environment and Conservation issued a Commissioner's Order dated October 15, 2001 against the County pursuant to Tenn. Code Ann. § 68-211-112 and § 68-212-215. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 139.

140. Upon information and belief, the City denies the allegations contained within paragraph 140 as stated.

141. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The State of Tennessee has taken the necessary action (and has caused the County to take the necessary action) that is appropriate and feasible to protect the public health and the environment. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 141.

142. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The State of Tennessee has taken the necessary action (and has caused the County to take the necessary action) that is appropriate and feasible to protect the public health and the

environment. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 142.

143. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The State of Tennessee has taken the necessary action (and has caused the County to take the necessary action) that is appropriate and feasible to protect the public health and the environment. The City does not have knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 143 except to deny any contamination is from the Landfill.

144. The City avers that the County as the sole permitted operator of the Landfill as authorized by the State of Tennessee since on or about September 1, 1972, has engaged in investigations and remedial activities at the Landfill as directed and overseen by TDEC. The City has not held any operational, maintenance, or regulatory responsibility for the Landfill for over 37 years since the State of Tennessee issued a permit solely to the County to operate and maintain the Landfill in accordance with the rules and regulations governing solid waste procession and disposal in Tennessee. The State of Tennessee has taken the necessary action (and has caused the County to take the necessary action) that is appropriate and feasible to protect the public health and the

environment. The City does not have knowledge or information sufficient to admit or deny the allegations contained within paragraph 144 except to deny that any contamination is from the Landfill.

145. The City admits the allegations contained within paragraph 145.

146. The City admits the allegations contained within paragraph 146.

147. The City denies the allegations contained within paragraph 147.

148. The City denies the allegations contained within paragraph 148.

149. As paragraph 149 does not contain factual allegations, no response is required.

150. The City denies the allegations contained within paragraph 150.

151. The City denies the allegations contained within paragraph 151.

152. Upon information and belief, the City admits the allegations contained within sentence 1 of paragraph 152. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 152.

153. The City admits the allegations contained within sentence 1 of paragraph 153 and denies the allegations contained within sentence 2 of paragraph 153.

154. Upon information and belief, the City admits the allegations contained within sentence 1 of paragraph 154. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 154.

155. Upon information and belief, the City admits the allegations contained within sentence 1 of paragraph 155. The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 155.

29

156.    Upon information and belief, the City admits the allegations contained within sentence 1 of paragraph 156.  The City does not have knowledge or information sufficient to admit or deny the allegations contained within sentence 2 of paragraph 156.

157.    The City denies the allegations contained within paragraph 157.

158.    The City denies the allegations contained within paragraph 158.

159.    Any allegation contained within the first amended complaint not specifically admitted or denied is hereby denied.

160.    The City denies that the plaintiffs are entitled to any relief requested in the first amended complaint from this defendant.

**AFFIRMATIVE DEFENSES**

161.    Plaintiffs' first amended complaint fails to state a claim under RCRA upon which relief can be granted against defendant City of Dickson.

162.    The City avers that this Court lacks subject matter jurisdiction over plaintiffs' claims in part because the Tennessee Department of Environment and Conservation ("TDEC") has incurred substantial costs, undertaken investigative activities, and taken actions (and has caused the County to incur substantial costs, undertake investigative activities, and take actions) that satisfy the requirements of 42 U.S.C. § 6972(b)(2)(C)(iii) to bar plaintiffs' RCRA claims.

163.    If this Court lacks subject matter jurisdiction over plaintiffs' claims pursuant to 42 U.S.C. § 6972(a)(1)(B), the City avers that this Court also lacks subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331.

164.    If it is found that this Court has subject matter jurisdiction over plaintiffs' claims, the City avers that this Court should defer considering the plaintiffs' claims under

the doctrine of primary jurisdiction because TDEC has taken extensive regulatory involvement and oversight over the Landfill and regarding the subject matter of plaintiffs' claims in this lawsuit, and because TDEC has initiated administrative enforcement proceedings which are on-going against the County, the sole permitted operator by the State of Tennessee responsible for the operation, maintenance and regulatory compliance of the Landfill since on or around September 1, 1972.

165.    If it is found that this Court has subject matter jurisdiction over plaintiffs' claims, the City avers that this Court should abstain from considering the plaintiffs' claims by applying the <u>Burford</u> abstention doctrine based on the extensive regulatory involvement and oversight that TDEC has taken and is on-going at the Landfill regarding the subject matter of plaintiffs' claims in this matter.

166.    Plaintiffs' claims are barred because there is no imminent and substantial endangerment to public health or the environment which is required to maintain an action under 42 U.S.C. § 6972(a)(1)(B).

167.    If it is found that there is or was endangerment to health or the environment, the City avers that it did not contribute and is not contributing to the endangerment.

168.    If it is found that there is or was endangerment to health or the environment, the City avers that it is/was not the result of past or present handling, treatment, storage, or disposal of solid or hazardous waste by the City that may present an imminent and substantial endangerment to health or the environment.

169.    All or part of the alleged actions or omissions of the City took place, if at all, before the enactment of RCRA, and the retroactive application of RCRA violates the

due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

170.    Any alleged contamination, or any alleged endangerment to health or the environment, was the result, in whole or in part, of actions or omissions of defendant Dickson County, defendant ALP Lighting, defendant Nemak, defendant Interstate Packaging Company, and/or persons who are not named in this lawsuit.

171.    The City avers that it has satisfied, fulfilled, and performed each and every obligation to the full extent of its responsibility; however, defendant Dickson County has been the sole permitted operator by the State of Tennessee responsible for operating, maintaining, and complying with the regulations governing solid waste processing and disposal at the Landfill since on or about September 1, 1972.

172.    Plaintiffs' claims are barred to the extent that they failed to mitigate.

173.    This case is not ripe for adjudication because the relief requested, injunctive relief, is insufficient. The risk of harm to plaintiff is remote and speculative. Therefore, there is no danger to the public and current action by the City is not required.

174.    Plaintiffs lack standing to bring the claims asserted in this lawsuit.

175.    Plaintiffs' action is barred because plaintiffs have not incurred, and are not likely to incur, any "injury in fact"; plaintiffs have not incurred, and are not likely to incur, any injuries that are fairly traceable to actions of this defendant or any other defendant; or plaintiffs are not capable of being redressed by this Court.

176.    Plaintiffs' claims are barred by the doctrine of laches.

177.    Plaintiffs' claims are barred by the statute of repose.

32

178. Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or other applicable equitable doctrines.

179. Plaintiffs' claims are barred because they failed to join indispensable parties.

180. Plaintiffs are not entitled to attorneys' fees, experts fees, or other costs or expenses of this litigation with respect to any claims against the City in part because they are excessive, duplicative, unreasonable, and/or unnecessary.

181. To the extent that plaintiffs are seeking monetary damages in this lawsuit, they are not entitled to recover any monetary damages under 42 U.S.C. § 6972 and its related provisions.

182. If the City is found liable and to the extent that plaintiffs are seeking monetary damages, the City avers that it is entitled to offset any damages awarded by the amount of costs and fees incurred in the performance of any investigation or remediation of the Landfill.

183. To the extent that plaintiffs are seeking damages for injuries that have not and may not occur, such claims are purely speculative and are not allowed.

184. Plaintiffs' claims for injunctive relief are barred because plaintiffs have adequate remedies at law.

185. In part because of the extensive regulatory involvement of the State of Tennessee regarding groundwater contamination in Dickson County, including the funding of its own groundwater investigation and the issuance of TDEC's administrative enforcement action that required the County to conduct its own groundwater investigation and perform presumptive remedies at the Landfill including the ongoing

33

long-term groundwater monitoring activities at and around the Landfill, this case is not ripe for adjudication as there is no danger to the public and no current action to be restrained. To the extent that there is any risk of harm to plaintiffs, it is remote and speculative.

186. The plaintiffs' claims are moot. Moreover, to the extent that plaintiffs seek damages for injuries which have not yet occurred, and may not occur, they are purely speculative.

187. The claims alleged in plaintiffs' first amended complaint are barred by the applicable statute of limitations.

188. Plaintiffs' claims are barred by the assumption of risk doctrine.

189. If judgment is rendered against the City, although the City denies that plaintiffs are entitled to any judgment against them, the City avers that it is entitled to contribution from any and all joint tortfeasors and/or potentially responsible parties.

190. Plaintiffs' claims are barred in whole or in part because the alleged injuries and damages claimed in plaintiffs' complaint were not legally or proximately cause by any act or omission of the City.

191. Any alleged act or omission, if any, of the City was not a substantial factor in bringing about the alleged injuries, damages, or endangerment, if any, and was not a contributing cause thereof, but was superseded by acts or omissions of other defendants and/or third parties, which were independent, intervening, and proximate cause of said alleged injuries, damages, or endangerment.

34

192.    Plaintiffs' claims are barred, in whole or in part, because the alleged damages or endangerment to health or the environment were not legally or proximately caused by an act or omission of the City or any other defendant.

193.    Without admitting liability, in the event the City is held liable or responsible for any acts or omissions alleged in the first amended complaint, the City's liability should be proportionally limited to its contribution to the alleged releases, discharges, harm, and/or endangerment, if any, taking into account the contribution and/or negligence of all other parties to this lawsuit, including any potentially responsible party not named in this lawsuit.

194.    The City hereby asserts and adopts all other defenses that have been or will be asserted at any time by any other party to this action.

195.    The City reserves its right to amend its pleading and plead further depending upon the facts that become available during the discovery process.

196.    Plaintiffs' first amended complaint fails to state a claim upon which relief can be granted against defendant City of Dickson in that the allegations raised in the first amended complaint against the City are inherently deficient to establish a basis for this Court's jurisdiction against the City.

Respectfully submitted,

By:    /s/ Jennifer L. Brundige
     Michael D. Pearigen, Esq. (BPR # 9604)
     Jennifer L. Brundige, Esq. (BPR # 20673)
     LUNA LAW GROUP, PLLC
     333 Union Street, Suite 300
     Nashville, TN  37201
     (615) 254-9146

35

_/s/ William H. Farmer_
William H. Farmer, Esq. (BPR # 3771)
JONES HAWKINS & FARMER
1820 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 726-0050

*Attorneys for City of Dickson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 30th day of November, 2009, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification and a copy of such filing to the following counsel of record:

George E. Barrett, Esq.
Douglas S. Johnston, Jr., Esq.
Edmund L. Carey, Jr., Esq.
David W. Garrison, Esq.
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, Tennessee 37201
*Attorneys for Plaintiffs Beatrice Holt and Shelia Holt-Orsted*

Joe R. Whatley, Jr., Esq.
Amy Weaver, Esq.
Whatley, Drake & Kallas, LLC
1000 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
*Attorneys for Plaintiffs Beatrice Holt and Shelia Holt-Orsted*

Joe W. McCaleb, Esq.
7910 Hilton Hollow Lane
Primm Springs, TN 38476
*Attorney for Plaintiff Natural Resources Defense Council, Inc.*

Michael E. Wall, Esq.
Selena Kyle, Esq.
Natural Resources Defense Council, Inc.
111 Sutter Street, 20th Floor
San Francisco, California 94104

36

*Attorneys for Plaintiffs Natural Resources Defense Council, Inc., Beatrice Holt, and Shelia Holt-Orsted*

Timothy Potter, Esq.
Kirk Vandivort, Esq.
Hillary Hiland Duke, Esq.
Reynolds, Potter, Ragan & Vandivort, PLC
210 E. College Street
Dickson, TN 37055
*Attorneys for County of Dickson, Tennessee*

Paul G. Summers, Esq.
Edward M. Callaway, Esq.
Michael K. Stagg, Esq.
Robert J. Martineau, Esq.
Waller Lansden Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
P. O. Box 198966
Nashville, TN 37219-8966
*Attorneys for County of Dickson, Tennessee*

Michael Markham, Esquire
Office of the Attorney General
Civil Litigation & State Services Division
Cordell Hull Building, Second Floor
P.O. Box 20207
Nashville, TN 37202-0207
*Attorneys for Alan Spear (Interested Party)*

Keith C. Dennen, Esq.
Sharon Orenstein Jacobs, Esq.
Bone, McAllester & Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
*Attorneys for Interstate Packaging Company*

Jan E. Ellard, Esq.
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94205-1015
*Attorney for Plaintiff Natural Resources Defense Council, Inc.*

Seth E. Freilich, Esq.
Orrick, Herrington & Sutcliffe, LLP

777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
*Attorney for Plaintiff Natural Resources Defense Council, Inc.*

Charles J. Ha, Esq.
Ranjit Narayanan, Esq.
Orrick, Herrington & Sutcliffe, LLP
701 5th Avenue, Suite 5700
Seattle, WA 98104
*Attorneys for Plaintiff Natural Resources Defense Council, Inc.*

Shaneeda Jaffer, Esq.
Joseph M. Malkin, Esq.
Erin H. Reding, Esq.
Orrick, Herrignton & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
*Attorneys for Plaintiff Natural Resources Defense Council, Inc.*

Frank J. Scanlon, Esq.
Samuel P. Helmbrecht, Esq.
Watkins & McNeilly, PLLC
214 Second Avenue North, Suite 300
Nashville, TN 37201
*Attorneys for A.L.P. Lighting Components, Inc.*

Thomas M. Donnell, Jr., Esq.
John Paul Nefflen, Esq.
Dickinson Wright, PLLC
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219-2392
*Attorneys for NEMAK USA, INC.*

Tammy L. Helminski, Esq.
Sharon R. Newlon, Esq.
Dickinson Wright, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
*Attorneys for NEMAK USA, INC.*

_____/s/ Jennifer L. Brundige_____