UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:08-0229<br>Judge Campbell/Bryant |
| COUNTY OF DICKSON, TENNESSEE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending in this case are two motions for protective order filed by plaintiff Natural Resources Defense Council, Inc. ("NRDC") relating to the defendants' deposition of NRDC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff NRDC filed its motion for protective order (Docket Entry No. 301) seeking a ruling that its deposition should not be taken. Defendant Interstate Packaging Company responded in opposition (Docket Entry No. 308). After conducting a telephone conference with counsel, the undersigned Magistrate Judge allowed the deposition to proceed, but permitted counsel for NRDC to make any necessary objections on the deposition record.

Later, after this deposition was taken, plaintiff NRDC filed a second motion for protective order (Docket Entry No. 352) seeking a ruling that the subject deposition cannot be used as a basis to disqualify Selena Kyle as plaintiffs' counsel or as a basis to claim waiver of work product doctrine protection or attorney-client privilege. Defendants filed a joint response

(Docket Entry No. 436), and, after obtaining leave of Court, plaintiff NRDC filed a reply (Docket Entry No. 437-1).

For the reasons stated below, the undersigned Magistrate Judge finds that both motions for protective order should be denied.

**Procedural History**

NRDC is identified in the amended complaint (Docket Entry No. 198 at 3) as "a non-profit environmental organization with members throughout the United States, including Dickson County." NRDC and two individual residents of Dickson County have filed this action pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B), seeking certain declaratory and injunctive relief from defendants, based upon their alleged contamination of soil and groundwater from hazardous waste placed in the Dickson County Landfill. Defendants are the county of Dickson, the city of Dickson, and three corporations, ALP Ceiling and Lighting Products, Inc., Nemak USA, Inc. and Interstate Packaging Company.

Following several months of vigorous fact discovery, defendant Interstate Packaging Company served a notice to take the deposition of NRDC pursuant to Rule 30(b)(6) on June 30, 2010. This deposition notice listed 18 separate topics upon which the designated witness would be questioned.

On June 24, 2010, plaintiff NRDC filed its motion for protective order seeking a ruling that this Rule 30(b)(6) deposition not be had or, in the alternative, that inquiry into certain of the deposition topics listed in the notice be prohibited. As grounds for its motion, NRDC asserted that it and

2

its employees had no involvement in, nor any personal knowledge of, many of the listed deposition topics, several of which related solely to defendants' actions.[1] NRDC argued that, given its employees' lack of personal knowledge of the events and transactions giving rise to the complaint, this Rule 30(b)(6) deposition amounted to an attempt by defendants to intrude prematurely upon expert opinions and communications, would impose an undue burden on NRDC, and constituted an improper attempt to discover attorney mental impressions of the evidence and to seek information protected by the attorney-client privilege and work product doctrine.

Defendant Interstate Packaging, in response, argued that NRDC, as a corporate plaintiff, was subject to discovery pursuant to Rule 30(b)(6). Moreover, Interstate Packaging asserted that, contrary to NRDC's arguments, Interstate Packaging did not intend to seek discovery of expert opinion or privileged information. (Docket Entry No. 308).

During a telephone discovery conference with counsel conducted shortly after this motion for protective order was filed, the undersigned Magistrate Judge declined to grant the relief requested in the motion, but permitted the deposition to proceed. The Court informed counsel for NRDC that this ruling did not preclude NRDC from making objections during the deposition to any

---

[1] For example, topic No. 5 in the deposition notice reads as follows: "The use by Interstate of PCE [perchloroethylene, a contaminant allegedly released at the landfill] in 1983." Several other deposition topics listed in the notice relate to the use, transportation and disposal of alleged contaminants by defendants over several decades before filing of the complaint.

3

questions that improperly sought privileged information or were objectionable on other legal grounds.

The deposition of NRDC pursuant to Rule 30(b)(6) occurred on July 23, 2010. Ms. Selena Kyle, who is identified in the deposition as a staff attorney for NRDC, was the designated witness. This deposition lasted several hours, and generated a transcript of 254 pages (Docket Entry No. 354-2).

Plaintiff NRDC has filed a second motion for protective order relating to this deposition (Docket Entry No. 352). In this motion, plaintiff seeks an order prohibiting defendants from using the deposition of NRDC taken pursuant to Rule 30(b)(6): (1) as a basis to disqualify Selena Kyle as plaintiff's counsel or (2) to claim a waiver of work product protection or the attorney-client privilege. As grounds for this motion, plaintiff in its supporting memorandum asserts that, during the deposition and thereafter, counsel for defendants threatened to seek disqualification of Ms. Kyle as a trial attorney in this case and have asserted that NRDC's designation of Ms. Kyle as its witness in the Rule 30(b)(6) deposition constitutes a waiver of all attorney-client privilege and the protection of the work product doctrine. Although defendants at this time have neither moved to disqualify Ms. Kyle nor sought a ruling that such a waiver of privilege has occurred, plaintiff NRDC seeks a preemptive protective order to remove any doubt about Ms. Kyle's ability to serve as counsel at the approaching trial, and to dispel the claim that her deposition testimony amounts to a waiver of the attorney-client privilege and the work product doctrine.

4

Defendants have filed a joint response in opposition (Docket Entry No. 436). They argue that Ms. Kyle's designation as NRDC's corporate representative makes her a necessary witness at trial and requires her disqualification as counsel. Although defendants assert in their memorandum (Docket Entry No. 436 at 3) that they believe Ms. Kyle's testimony will be an "integral part of their case," they state that until the pending motions for summary judgment are decided, "the Defendants do not know what portions of Ms. Kyle's testimony will be used."

Defendants further argue that by designating Ms. Kyle as its corporate witness in a Rule 30(b)(6) deposition, NRDC has waived the attorney-client privilege and the protection of the work product doctrine. Although defendants' memorandum contains a general discussion of case authority relating to waiver of the privilege, it fails to identify any specific testimony by Ms. Kyle that allegedly forms a basis for waiver. Indeed, defendants complain about the numerous times during the deposition when Ms. Kyle declined to answer questions based upon NRDC counsel's assertions of the attorney-client privilege (Docket Entry No. 436 at 11).

## **Analysis**

<u>Disqualification of Ms. Kyle as trial counsel</u>. Rule 3.7 of the Tennessee Rules of Professional Conduct provides as follows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;

5

>    (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
>    (3) disqualification of the lawyer would work substantial hardship on the client.
>
>    (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Tenn. R. Sup. Ct. 8, R. 3.7.

"For a lawyer to be a necessary witness, his testimony must be relevant, material, and unobtainable elsewhere." Rothberg v. Cincinnati Insurance Co., 2008 WL 2401190 (E.D. Tenn. June 11, 2008). Thus, an attorney is a "necessary witness" only if "there are things to which he will be the only one available to testify." Id. (quoting Droste v. Julien, 477 F.3d 1030, 1035 n. 7 (8th Cir. 2007)).

On the record presently before the Court, defendants have not come close to demonstrating that Ms. Kyle will be a "necessary witness" at the trial of this case. NRDC has repeatedly asserted that Ms. Kyle has no personal knowledge of any of the facts, transactions or occurrences giving rise to the claims in this case. Similarly, it does not appear from the record that Ms. Kyle has the technical expertise to testify as an expert witness regarding any disputed issue in this case. NRDC maintains that Ms. Kyle's knowledge of relevant information is based upon her review of discovery materials and factual and expert investigation, and thus is "obtainable elsewhere" in this record. Defendants in their filing have failed to identify any specific fact or opinion with

6

respect to which Ms. Kyle is likely to be a necessary witness at trial. On this record, the undersigned Magistrate Judge finds that defendants have failed to demonstrate any basis for disqualifying Ms. Kyle as counsel for NRDC at trial.

<u>Waiver of attorney-client privilege or work product doctrine</u>. In their memorandum in opposition, defendants rely upon the decision of <u>New Jersey v. Sprint Corp.</u>, 2010 WL 610671 (D. Kan. Feb. 19, 2010). This decision dealt with the prospect that defendant Sprint would designate its outside trial counsel as a Rule 30(b)(6) deposition witness. The Magistrate Judge in the case discussed potential problems resulting from such a designation, including the effect upon Sprint's ability to assert the privilege. The Magistrate Judge stated as follows:

> But in the unlikely event Sprint actually chooses to go this route, it's with the understanding that Sprint won't be permitted to effectively frustrate or impede the deposition under the banner of privilege. As even Sprint has acknowledged, it is not suggesting "that privilege issues would prevent a lawyer from answering any deposition question as a Sprint designee that a non-lawyer would be allowed to answer." Thus, as long as Sprint's designee - be it attorney or not - can fulfil the requirements of Rule 30(b)(6), Sprint may proceed as it sees fit.

(<u>Id.</u> at *3). The <u>Sprint</u> case wholly fails to support a proposition that the mere act of designating a trial attorney as a Rule 30(b)(6) deposition witness constitutes a wholesale waiver of the attorney-client privilege or the work product doctrine. As the quotation included above makes clear, the Magistrate Judge in the <u>Sprint</u> case was observing that Sprint would not be allowed at

7

deposition to assert the privilege merely because it had designated its trial counsel as the corporate witness. That is not what has occurred here. NRDC has not asserted the privilege merely because it chose to designate its lawyer as its deposition witness. Rather, it asserts the privilege because none of its employees has personal knowledge of the deposition topics, and any NRDC employee designated to testify - whether lawyer or not - would have knowledge of the disposition topics only upon being informed of the mental impressions of NRDC's lawyers.

Summarizing, although the attorney-client privilege and the work product doctrine may be waived in a proper case, the undersigned Magistrate Judge finds no basis in the record presently before the Court to conclude that NRDC has waived these privileges merely from the fact that it designated Ms. Kyle as its witness at deposition.

### Conclusion

As stated above in this memorandum, the undersigned Magistrate Judge finds no basis in the present record for disqualifying Ms. Kyle as trial counsel or for concluding that plaintiff NRDC has automatically waived its attorney-client privilege or the work product doctrine merely by designating her as its deposition witness. Nevertheless, the undersigned Magistrate Judge cannot find as a matter of law that, because defendants have not made out a compelling case for disqualification or waiver that they will be unable to do so under any conceivable set of

8

circumstances. Given the Court's inability to foresee all arguments or circumstances that defendants could advance if they were to seek disqualification, the Court is unwilling at this time to grant NRDC's requested protective order. The Court will observe, however, that if defendants are serious about seeking the disqualification of Ms. Kyle, their delay in filing such a motion only serves to strengthen NRDC's position that "disqualification of the lawyer would work a substantial hardship on the client."

For the reasons stated in this memorandum, the undersigned Magistrate Judge **DENIES** plaintiff NRDC's motion for protective order (Docket Entry No. 301) regarding the taking of the Rule 30(b)(6) deposition as moot, and also **DENIES** as premature NRDC's motion for protective order (Docket Entry No. 352) regarding a potential disqualification of Ms. Kyle and waiver of the attorney-client privilege and the work product doctrine.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
